IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 24, 2014 at Knoxville

# MIKE SETTLE a/k/a MICHAEL DEWAYNE SETTLE v. JERRY LESTER, WARDEN, STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 6710     Joseph H. Walker, III, Judge**

**No. W2013-02609-CCA-R3-HC - Filed August 4, 2014**

The Petitioner, Mike Settle a/k/a Michael Dewayne Settle, appeals the Lauderdale County Circuit Court's dismissal of his petition seeking a writ of habeas corpus. The Petitioner contends that, because his sentence is illegal because it was ordered to run concurrently with a federal sentence he had received in another case rather than consecutively, the habeas corpus court erred when it dismissed his petition. Upon a review of the record in this case, we are persuaded that the habeas corpus court properly dismissed the petition. Accordingly, the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Mike Settle a/k/a Michael Dewayne Settle, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; and Mike Dunavant, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts and Procedural History**

This is the Petitioner's fifth petition for habeas corpus relief. In our earlier cases addressing his claims, this Court summarized the facts and procedural history as follows:

[The] Petitioner is no stranger to the legal process. In January of 2001, [the] Petitioner pled guilty in Madison County Circuit Court to one count of felony escape, one count of especially aggravated kidnapping, one count of

aggravated robbery, and two counts of aggravated assault. The underlying facts that led to the convictions arose when [the] Petitioner became ill and was transported from the Hardeman County Correctional Facility to a hospital in Jackson, Tennessee. [The] Petitioner was eventually admitted to the hospital for further treatment. Two days later, he overpowered a guard, took the officer's weapon, and pointed it at the guard's head. [The] Petitioner ultimately escaped from the hospital with a hostage in a stolen car. He was recaptured and returned to prison. As a result of the plea agreement, [the] Petitioner received a sentence of six years for the felony escape conviction, twenty-five years for the especially aggravated kidnapping conviction, twenty-five years for the aggravated robbery conviction, and fifteen years for each aggravated assault conviction. The sentences were ordered to be served concurrently with each other and with a federal sentence as well as a sentence in a separate Madison County case. The sentences were ordered to be served consecutively to sentences for several prior convictions from Shelby County.

In September of 2001, [the] Petitioner filed his first petition for writ of habeas corpus. The petition was filed in the Morgan County Criminal Court and alleged that the Department of Correction violated the terms of [the] Petitioner's plea agreement by refusing to run his sentences concurrently with his federal sentence. The trial court treated the petition as a petition for writ of certiorari and transferred the matter to the Madison County Circuit Court. The petition was dismissed for failing to state a colorable claim for post-conviction relief. *See Mike Settle v. State*, No. W2003-01261-CCA-R3-PC, 2004 WL 1656481, at *1 (Tenn. Crim. App., at Jackson, Jul. 23, 2004).

[The] Petitioner has also sought habeas corpus relief in federal district court. At least two petitions have been dismissed as untimely. *See Mike Settle v. Ricky Bell*, Warden, No. 3:09-0560 (M.D. Tenn., Nov. 10, 2009); *Mike Settle v. Ricky J. Bell*, No. 06-1092 (W.D. Tenn. Sept. 4, 2009). [The] Petitioner has also filed for relief in the form of extradition in the Eastern District of Tennessee. In that case, the court treated the petition as a petition for writ of habeas corpus and dismissed it. *See Mike Settle v. David R. Osborne*, *Warden*, No. 3:11 -cv00127.

[The] Petitioner filed a second petition for writ of habeas corpus in Davidson County. The petition was dismissed for failure to pay court costs at the time of filing. [The] Petitioner appealed. On appeal, this Court upheld the dismissal and affirmed. *Mike Settle v. State*, No. M2004-00411-CCA-R3-HC, 2005 WL 2978974, at *1 (Tenn. Crim. App., at Nashville, Nov. 7, 2005),

*perm. app. denied*, (Tenn. Mar. 27, 2006).

Then, [the] Petitioner filed another petition for writ of habeas corpus in the Morgan County Criminal Court. This petition was also dismissed. This Court affirmed the dismissal on appeal. *See Mike Settle v. State*, No. E2010-00945-CCA-R3-HC, 2010 WL 5276980, at *1 (Tenn. Crim. App., at Knoxville, Dec. 17, 2010), *perm. app. denied*, (Tenn. Mar. 9, 2011).

On January 10, 2011, [the] Petitioner filed the petition for writ of habeas corpus applicable herein. The State filed a motion to dismiss. [The] Petitioner opposed the motion. The habeas court dismissed the petition without a hearing on February 14, 2011. [The] Petitioner filed a notice of appeal on April 1, 2011. The certificate of service on the final order indicates that copies were not mailed by the Circuit Court Clerk until April 1, 2011.

*Mike Settle v. David Osborne, Warden*, No. E2011-00766-CCA-R3-HC, 2012 WL 344937, at *1-2 (Tenn. Crim. App., at Knoxville, Feb. 3, 2012), *perm. app. denied* (Tenn. Apr. 11, 2012) (footnote omitted).

On October 24, 2013, the Petitioner filed the petition for habeas corpus relief that is the subject of this appeal. In it, he asserted that he was entitled to habeas corpus relief because the trial court was "without jurisdiction or authority to sentence the [P]etitioner['s] state sentence concurrent with [his] federal sentence because [of the requirements in] T.C.A § 39-16-605(d), [which states] any sentence received for a violation of this section shall be ordered to be served consecutively to the sentence being served or federal sentence received for the charge for which the petitioner was being held at the time of the escape." He asserted that the face of his judgment showed that his sentence for escape was ordered to run concurrently with his federal sentence, in direct contravention of this statute, which rendered his judgment void.

The habeas corpus court summarily dismissed the petition, filing a written order. In that order, the habeas corpus court found as follows:

The [P]etitioner filed for Habeas Corpus on October 24, 2013, alleging that he is currently incarcerated in Lauderdale County with TDOC for a conviction from Madison County.

[The] Petitioner alleges he entered a plea of guilty to especially aggravated kidnapping and felony escape and other offenses and was sentenced to 25 years at 100%. He alleges he pled guilty "pursuant to

3

negotiated plea agreement that 25 years concurrent with federal sentence." He now alleges it should have been consecutive.

The judgment form indicates the escape is consecutive to multiple convictions from Shelby County which the [P]etitioner was serving at the time of the escape.

. . . .

In Settle v. State, 2004 [Tenn. Crim. App.] Lexis 669, the [P]etitioner maintained that his negotiated sentences provided that his Madison County sentences would be served concurrent with outstanding federal sentences but consecutive to outstanding Shelby County sentences. The record indicated that [the Petitioner's] Shelby County sentences had yet to be served.

After reviewing the applicable law, the habeas corpus court found that "the [P]etitioner ha[d] failed to show upon the face of the judgment or record of the proceedings that the conviction is void." It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner maintains that his sentence is illegal. He asserts that the statute criminalizing escape requires that his sentence "shall" be ordered to be served consecutively to the sentence being served or sentence received for the charge for which the person was being held at the time of the escape. The Petitioner contends that, because he was in federal custody at the time of his escape and because he took a weapon during the escape, an offense for which he received a federal sentence, the plea agreement providing that his sentence would run concurrently to his federal sentence was illegal. The State cites to the relevant portion of Tennessee Code Annotated section 39-16-605(d), and states that the Petitioner was serving a sentence at the Hardeman County Correctional Facility when he was transported for medical care, so he was not in federal custody when he committed the offense of escape. The State further notes that the Petitioner had failed to comply with the procedural requirements of the habeas corpus statute because he failed to attach copies of all his previous habeas corpus petitions, as required by the law.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of

4

correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer*, 851 S.W.2d at 165. It is also permissible for a habeas corpus court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella*, 891 S.W.2d at 627; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

We first agree with the State that the Petitioner has failed to scrupulously follow the procedural requirements for habeas corpus relief, which are mandatory. *See Archer*, 851 S.W.2d at 165. Tennessee Code Annotated section 29-21-107(b)(4) (2012) requires a petitioner to attach to his habeas corpus petition copies of his previous habeas corpus petitions and the proceedings thereon. The Petitioner failed to attach any of his previous petitions for habeas corpus relief to the petition for habeas corpus relief that is the subject of this case. This alone is a sufficient basis upon which the trial court could have dismissed his petition. The record does not show that the State moved to dismiss the petition for failure to comply with the requirement, and the trial court denied relief without addressing the

procedural deficiency. Our Supreme Court has concluded that dismissal is not required for failure to comply with section 29-21-107 and that a trial court may choose to adjudicate the petition on its merits. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004). We therefore turn to address the issue on its merits.

The Petitioner contends that he was in federal custody at the time of his escape charge, which would require that his sentence for his escape conviction run consecutively to his federal sentence. An illegal sentence results in a void judgment and is a cognizable claim for habeas corpus relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). An illegal sentence is a "jurisdictional defect," and the petitioner must show that the "jurisdictional defect appears in the record of the original trial, thereby creating a void judgment." *Luther E. Fowler v. Howard Carlton, Warden*, No. E2004-01346-CCA-R3-HC, 2005 WL 645206, at *3 (Tenn. Crim. App., at Knoxville, Mar. 21, 2005), *perm. app. denied* (Tenn. June 27, 2005). The petitioner must show that, based on the record of the trial, the trial court lacked jurisdiction to sentence him. *See Stephenson*, 28 S.W.3d 910; *see also Fowler*, 2005 WL 645206, at *3.

The Petitioner alleges that his sentence is illegal because it was ordered to run concurrently with his federal sentence rather than consecutively. He states that he was in federal custody when he committed the escape. Neither the face of his judgment nor the record indicate whether the Petitioner was in federal custody at the time that he escaped and, further, the record supports that he was in State custody. Reviewing the judgment, we agree with the habeas corpus court that the Petitioner has not met his burden of proving that his judgment was void or his sentence expired. As such, the Petitioner is not entitled to habeas corpus relief.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the Petitioner has failed to show that his sentence has expired or that his judgment is void. As such, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE

6